**Opinion issued July 6, 2023**



In The

# Court of Appeals

### For The

## First District of Texas

—————————————

### NO. 01-22-00450-CV

—————————————

## DANIEL CONRAD, Appellant

## V.

## CARL JOINER, Appellee

---

### On Appeal from the 10th District Court
### Galveston County, Texas
### Trial Court Case No. 22-CV-0364

---

## MEMORANDUM OPINION

Daniel Conrad appeals the trial court's denial of his motion to dismiss the

defamation lawsuit filed by Carl Joiner under the Texas Citizens Protection Act

(TCPA). *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011.[1] Conrad contends that the trial court erred in denying the motion because (1) the TCPA applies to Joiner's defamation suit, and (2) the dismissal motion was not defective under the TCPA. Because Conrad has shown that the TCPA applies and Joiner has failed to show a prima facie case for the actual malice element of his defamation claim, we reverse and remand for further proceedings consistent with this opinion.

## Background

In March 2022, Joiner, the mayor of the City of Kemah, sued Conrad, a Kemah resident, for defamation. Joiner alleged that Conrad criticized Joiner on Facebook and on billboards and signs posted in Kemah.

Joiner sued for defamation per se, alleging Conrad made false and malicious statements through Facebook posts and in emails that injured Joiner before and after his election as mayor in 2021. Joiner alleged that "numerous individuals" defamed him on Facebook pages called "Kemah Community Forum,"[2] "Talk of Kemah,"[3]

---

[1]    In 2019, the Texas Legislature amended the TCPA. The amendments became effective September 1, 2019. Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11–12, 2019 Tex. Sess. Law Serv. 684, 687. This suit was filed after that date, so all citations to the TCPA refer to the amended statute.

[2]    The "Kemah Community Forum" is alleged to be a private page for "the voters, residents, and businesses of the City of Kemah," with 241 members.

[3]    The "Talk of Kemah" is alleged to be a private page for "Kemah residents interested in learning about what's going on and other information in and around our City," with 3,200 members.

and "Anyone but Carl Joiner aka Kemah Correction"[4] that were viewed by his constituents. Joiner referred to the individuals posting the information as "Team Kemah" and claimed that Conrad was one of the posters. Some of Conrad's statements alleged that Joiner had abused power, violated the Texas Open Meetings Act (TOMA), acted ultra vires as mayor, and engaged in criminal activity. One of these Facebook posts was shared by tagging business organizations such as the League City Regional Chamber of Commerce, Clear Lake Chamber of Commerce, Clear Creek Education Foundation, Bay Area Houston Economic Partnership, and Bay Area Houston Transportation Partnership. Joiner also alleged that Conrad had emailed Kemah city council members and filed public information requests for copies of Joiner's official business emails. Joiner alleged that the public information requests showed Conrad's actual malice in making the alleged defamatory statements.

Conrad denied the allegations and moved to dismiss Joiner's suit under the TCPA. Conrad asserted that his alleged defamatory statements were protected expressions of free speech on matters of political, social, or general interest to residents of Kemah and neighboring communities. Thus, Conrad asserted, Joiner's

---

[4] The "Anyone but Carl Joiner aka Kemah Correct" page is alleged to be public.

allegations fell within the TCPA, and Joiner had to show clear and specific evidence for a prima facie case of defamation.

At the hearing on the dismissal motion, the trial court directed Conrad's attorney to show that one of the enumerated rights in the TCPA applied to Joiner's claims, after which the burden would shift to Joiner. Conrad responded that the petition was based on allegedly defamatory statements about a public official. The trial court disagreed that the allegations in the petition itself could shift the burden and denied Conrad's motion.

## TCPA Motion to Dismiss

Conrad contends that the trial court erred in denying his motion to dismiss because (1) he met his initial burden to show that the TCPA applies, and (2) Joiner did not present a prima facie case for each element of his defamation claim.

### A.    Standard of Review

We review a trial court's ruling on a TCPA motion to dismiss de novo. *Kassab v. Pohl*, 612 S.W.3d 571, 577 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). We consider the pleadings and evidence in the light most favorable to the nonmovant. *Id.*; *Schimmel v. McGregor*, 438 S.W.3d 847, 855–56 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Whether the TCPA applies to a particular claim is an issue of statutory interpretation that we review de novo. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). When construing a statute, our goal is to

4

determine and give effect to the Legislature's intent. *Youngkin*, 546 S.W.3d at 680. We construe the TCPA liberally to carry out its purpose and intent fully. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018).

## B.     Applicable Law

The TCPA protects citizens from retaliatory lawsuits that seek to silence or intimidate them. *See* TEX. CIV. PRAC. & REM. CODE § 27.002; *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019); *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). The statute is an anti-SLAPP law,[5] meaning that it aims to identify and summarily dispose of lawsuits designed to chill First Amendment rights. *In re Lipsky*, 460 S.W.3d at 589; *see also* TEX. CIV. PRAC. & REM. CODE § 27.002.

The TCPA provides a three-step process for the dismissal of a "legal action" that is "based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association[.]" TEX. CIV. PRAC. & REM. CODE § 27.003(a). First, the movant seeking dismissal under the TCPA must show by a preponderance of the evidence that the statute applies. *Id.* § 27.005(b). To satisfy this step, the movant must show that the legal action is based on or is in response to the movant's exercise of a right listed in Section 27.005(b). *See id.* §§ 27.003(a),

---

[5]     SLAPP is an acronym for Strategic Lawsuits Against Public Participation. *See Fawcett v. Grosu*, 498 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

27.005(b) (listing right of free speech, right of association, and right to petition); *In re Lipsky*, 460 S.W.3d at 586. Step two shifts the burden to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element" of his claim. TEX. CIV. PRAC. & REM. CODE § 27.005(c). The "[c]lear and specific evidence" standard used in TCPA dismissal motions is "not a recognized evidentiary standard," and although it is similar in plain language to the "clear and convincing evidence" standard used at trial for defamation suits, "the phrases are not legally synonymous." *In re Lipsky*, 460 S.W.3d at 589. If the nonmovant satisfies the second step, the TCPA still allows dismissal under the third step "if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." TEX. CIV. PRAC. & REM. CODE § 27.005(d).

The evidence the trial court "shall consider" in "determining whether a legal action . . . should be dismissed" under the TCPA includes "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a).

6

## C. Analysis

### I. TCPA Step One

We first consider whether Conrad has shown that the TCPA applied to Joiner's suit because it is based on or is in response to Conrad's exercise of the right of free speech. *See id.* § 27.005(b); *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018).

Under the TCPA, the "exercise of the right of free speech" means "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(3). A "communication" includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1); *Deaver v. Desai*, 483 S.W.3d 668, 672 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Relevant here, "matter[s] of public concern" include a "statement or activity" on "a matter of political, social, or other interest to the community;" or "a subject of concern to the public." TEX. CIV. PRAC. & REM. CODE § 27.001(7)(B)–(C).

To satisfy the first step, Conrad relies on Joiner's pleading to show that the defamation claim is a legal action in response to Conrad's exercise of the right of free speech, specifically statements in Facebook posts and emails sent to Kemah city council members. Joiner argues that his pleading is not enough to meet Conrad's burden under the TCPA. But under the statute, the court must consider not only

affidavits but also the pleadings when determining whether an action should be dismissed. *Id.* § 27.006(a); *Adams*, 547 S.W.3d at 897 ("[T]he TCPA directs courts to decide its applicability based on a holistic review of the pleadings."). "When it is clear from the plaintiff's pleadings that the action is covered by the [TCPA], the defendant need show no more." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

Joiner's petition alleges four complaints Conrad made about Joiner as mayor, including alleged violations of state law. First, Joiner alleged that in 2021 Conrad made posts on the Kemah Community Forum Facebook page representing that Joiner engaged in criminal activity, such as abuse of power and TOMA violations. *See* TEX. PENAL CODE § 39.02; TEX. GOV'T CODE § 551.002. Joiner alleged that Conrad stated, "The Official Oppression crime in the [S]tate of Texas" prohibits a public servant from using their "office to deny someone their rights" and that he awaits Joiner's testimony on the matter. *See* TEX. PENAL CODE § 39.03. Conrad also questioned Joiner's ability to "create ad hoc committees . . . without . . . [City] Council approval" and stated that "refusal to release information under the TOMA regulations as well as Public information requests are a crime." Conrad claimed to be "taking a stand against criminal acts . . . of our public servants." Conrad continued posting, including how he reported Joiner's alleged criminal activity to the Galveston County District Attorney's Office. He also attached an email from the Kemah police chief entitled "External Criminal Investigation Request – Submitted

to the Galveston County District Attorney's Office – Investigation of Criminal Complaint by Mr. Daniel Conrad against Mr. Carl Joiner, the Mayor of the City of Kemah." Conrad stated that he "believe[d] laws have been violated; and . . . they continue to be violated and escalate." Later that month, Conrad posted that the District Attorney's Office was not pursuing allegations against Joiner but that he believed he had "sufficient evidence to [his] allegations."

Second, Conrad allegedly posted on the Talk of Kemah and Anyone but Carl Joiner aka Kemah Correction Facebook pages that Joiner and his wife trespassed on his property. Conrad tagged the League City Regional Chamber of Commerce, Clear Lake Chamber of Commerce, Clear Creek Education Foundation, Bay Area Houston Economic Partnership, and Bay Area Houston Transportation Partnership in the post to alert them about the trespass.

Third, Joiner alleged that Conrad's posts on the Kemah Community Forum page implied that Joiner had been entering Kemah's evidence room without authorization and tampering with evidence. Conrad's post included images from a security camera and stated that while the video did not show Joiner entering the evidence room, it was good news for Conrad's pending cases.

Fourth, Joiner alleged that Conrad emailed Kemah city council members claiming that Joiner had misused the city seal for personal use and advised them to report Joiner to the authorities.

Joiner's own pleadings allege facts showing that Conrad's accusations against him are related to a matter of public concern, specifically matters of political concern that involve violations of the law by a public official. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(7) (defining "matter of public concern" to include "a matter of political, social, or other interest to the community" or "a subject of concern to the public"); *Bui v. Dangelas*, No. 01-18-01146-CV, 2019 WL 5151410, at *4 (Tex. App.—Houston [1st Dist.] Oct. 15, 2019, pet. denied) (mem. op.) (considering Facebook posts in determining whether the TCPA applied in a defamation suit); *Baumgart v. Archer*, 581 S.W.3d 819, 825 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) ("courts routinely hold that matters related to the reporting of crimes . . . are matters of public concern." (quotation omitted)). Thus, Conrad has shown that the TCPA applies.

## II.    TCPA Step Two

Turning to the second step, Conrad contends that Joiner has not carried his burden on the element of actual malice, specifically because requests made under the Public Information Act do not show actual malice.[6] Joiner argues that Conrad's

---

[6]    Conrad did not include a challenge that Joiner failed to satisfy his TCPA burden in his list of issues presented. But he argued that "the issue of malice" was the hardest element for Joiner to show. Conrad then addressed what is required to prove actual malice for a defamation claim and Joiner's allegation that actual malice was shown by his public information requests. Joiner responded in his brief. Given our obligation to construe the briefing rules liberally, we will consider Conrad's argument. *See* TEX. R. APP. P. 38.9; *see also* TEX. R. APP. P 38.1; *Baumgart*, 581 S.W.3d at 827 n.5 (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.

10

speech was defamatory per se and that he satisfied his burden under the TCPA by presenting a prima facie case of each essential element.

Defamation is a tort that may occur through oral, written, or other graphic form. *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623–24 (Tex. 2018); *see* TEX. CIV. PRAC. & REM. CODE § 73.001 (defining libel as "defamation expressed in written or other graphic form that tends to . . . injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation."). For Joiner to avoid dismissal of a defamation per se claim, he must show that (1) Conrad publicized a false statement of fact to a third party, (2) the statement was defamatory per se concerning him, and (3) the statement was made with actual malice.[7] *See Hall*, 579 S.W.3d at 377; *In re Lipsky*, 460 S.W.3d at 593.

Actual malice is a term of art; it is not ill will, spite, or evil motive. *Huckabee v. Time Warner Ent. Co.*, 19 S.W.3d 413, 420 (Tex. 2000). To establish actual malice, a plaintiff must show a defamatory statement was published with either

---

1989) ("[I]t is our practice to construe liberally points of error in order to obtain a just, fair and equitable adjudication of the rights of the litigants.")).

[7] It is undisputed that Joiner, as mayor, is a public figure. *See Rosenblatt v. Baer*, 383 U.S. 75, 85, 86 (1966) ("[T]he 'public official' designation applies . . . to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs."). If the plaintiff is a public figure, he must show that the defendant's statements were made with actual malice. *In re Lipsky*, 460 S.W.3d at 593.

knowledge of its falsity or reckless disregard for its truth. *In re Lipsky*, 460 S.W.3d at 593; *see Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 514 (1984) (courts must "exercise independent judgment and determine whether the record establishes actual malice" in defamation suits brought by public officials). Reckless disregard is a subjective standard that focuses on the defendant's state of mind. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 171 (Tex. 2003) (citing *Bentley v. Bunton*, 94 S.W.3d 561, 591 (Tex. 2002)). To show a reckless disregard for the truth, the plaintiff must show more than negligence or a "departure from reasonably prudent conduct." *Bentley*, 94 S.W.3d at 591. "[T]he plaintiff must establish 'that the defendant in fact entertained serious doubts as to the truth of his publication,' or had a 'high degree of awareness of . . . [the] probable falsity' of the published information." *Forbes*, 124 S.W.3d at 171 (quoting *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989)).

Circumstantial evidence can be considered as proof of a defendant's state of mind. *Bentley*, 94 S.W.3d at 591. The actual malice element is "relatively demanding" and "honors our 'profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks' on public figures." *Forbes*, 124 S.W.3d at 171 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)).

We first consider Conrad's argument that his public information requests fail to show a prima facie case of actual malice. *See* TEX. GOV'T CODE §§ 552.001–.376. The Public Information Act's purpose is to give the public access to complete information about government affairs and acts of public officials and employees. *Id.* § 552.001(a); *Jackson v. State Off. of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011). It is to be liberally construed in favor of disclosure of requested information. *See* TEX. GOV'T CODE § 552.001; *Jackson*, 351 S.W.3d at 293. Upon receiving an information request, a public information officer must promptly produce the public information for inspection, duplication, or both. TEX. GOV'T CODE § 552.221(a).

Joiner's only evidence of actual malice is his and his wife's affidavits. In his affidavit, Joiner states that Conrad has made about 40 requests since Joiner became mayor in 2021. Joiner then explains how Conrad's requests have created "tremendous expense and staff labor" for the City of Kemah. According to Joiner, Conrad's requests included:

- "all emails to and from [t]he [m]ayor's office, including emails to and from the city attorney, and all staff members, outside council, outside parties, and any other party not listed here as well as any hand written, or typed letters";

- "texts . . . from the mayor's phone";

- "all records of calls, emails, texts, notes, or any other item listed as time used by any part of administration or public officials used at direction of Mayor Joiner directing the city administrator and Chief of Police to contact the FBI and Texas Rangers . . . .";

- "the total cost of all services, staff, city resources and any other costs associated with the [m]ayor's letter dated July 2021";

- "all communication to and from the [m]ayor's office . . . in any media form on any device where city business was performed or completed including any personal device or secondary device, this should also include written, faxed, or dictated information."

Joiner does not explain how Conrad's public information requests show actual malice. At most, he has asserted that the requests are expensive and demanding on staff, but he does not cite authorities supporting that this is evidence of actual malice. *See* TEX. R. APP. P. 38.1. Without more, what Joiner asserts here is that Conrad's broad search for public information is evidence of actual malice. *But cf. Bentley*, 94 S.W.3d at 597 (purposeful avoidance of the truth may be evidence of actual malice). Therefore, we agree that Joiner has failed to show by clear and specific evidence a prima facie case that Conrad's public information requests satisfy the actual malice element.

But that was not Joiner's only argument on actual malice. Joiner's affidavit states that Conrad has been making alleged defamatory statements about Joiner on Facebook and in an email to city council members and staff since before his most recent election in 2021. Joiner also categorically denied all of Conrad's allegations and stated that his assertions are false. The affidavit of Joiner's wife also includes a denial of Conrad's trespass allegations. But denying harmful allegations is not evidence that Conrad knew that his allegations were false or that he doubted them.

14

*See Rodriguez v. Gonzales*, 566 S.W.3d 844, 854 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (a defamation defendant's knowledge that a public official has denied harmful allegations is not evidence that the defendant doubted the allegations); *see In re Lipsky*, 460 S.W.3d at 593 (actual malice requires plaintiff to show defamatory statement was published with knowledge it was false or reckless disregard for its truth); *Forbes*, 124 S.W.3d at 171 (reckless disregard requires plaintiff to show that defendant had serious doubts about the truth of the alleged defamatory statement or high degree of awareness that it was likely false). Additionally, describing statements as false is not evidence of actual malice. *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 355 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("Conclusory statements are not probative and accordingly will not suffice to establish a prima facie case.").

Joiner also highlighted that Conrad had tagged multiple business organizations that Joiner participates in about Joiner's alleged trespass. Even so, there is no evidence that Conrad knew the allegations were false. *See Weber v. Fernandez*, No. 02-18-00275-CV, 2019 WL 1395796, at *18 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (mem. op.) (plaintiff failed to show actual malice when only evidence was that defendant kept alleged defamatory statements on Facebook page for one month after being served with cease-and-desist letter); *Moore v. Reed*, No. 14-20-00463-CV, 2022 WL 1180116, at *3–4 (Tex. App.—Houston

[14th Dist.] Apr. 21, 2022, no pet.) (mem. op.) (plaintiff failed to show actual malice where only evidence was: allegation by plaintiff that defendant knew alleged defamatory statements were false; that defendant hired a private investigator to corroborate sources; defendant was an attorney; defendant failed to consult with plaintiff, plaintiff's wife, or any source besides defendant's unnamed sources); *but cf. Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984) (defendant's knowledge of blatantly untrue accusation coupled with unnecessarily contacting an outside organization about that accusation reflects a malicious intent).

Joiner points to *Campbell v. Clark*, 471 S.W.3d 615, 632 (Tex. App.—Dallas 2015, no pet.), and *Bentley*, 94 S.W.3d at 602, as support for his assertion that Conrad acted with actual malice. But these cases are distinguishable.

In *Campbell*, the plaintiff, the incumbent candidate for county commissioner, sued the publishers of accusations that he helped his nephew evade child molestation charges up to seven times, based on information from the nephew's ex-wife. *Campbell*, 471 S.W.3d at 618. The defendants also alleged that the commissioner had "clout over the judicial system" and the ability to sway the outcome of a trial. *Id.* at 627–28. The appellate court found that because of the "seriousness of the allegations against [the commissioner] . . . the [defendants'] 'inaction' in confirming [the ex-wife's] statements and the other allegations," including an implication of

government corruption, in the defendants' publication may reflect a deliberate decision by the defendants to avoid ascertaining the truth. *Id.* at 632.

Conrad has accused Joiner of crimes, including violations of TOMA, abuse of official capacity by misusing the city seal, an unspecific violation of official oppression, and trespass. But the seriousness of these allegations is of a different magnitude than in *Campbell*. *Compare* TEX. PENAL CODE §§ 30.05 (trespass), 39.02 (abuse of official capacity), 39.03 (official oppression) *and* TEX. GOV'T CODE § 551.002 (TOMA) *with* TEX. PENAL CODE §§ 21.11 (indecency with child), 22.011 (sexual assault). Furthermore, Conrad is alleged to have made about 40 public information requests to support his allegations. Conrad also included information that the District Attorney's Office declined a case involving unknown charges against Joiner "due to lack of evidence," even though Conrad claimed he had evidence to support his allegations but was never interviewed. Moreover, unlike the inaction in confirming the allegations in *Campbell*, Conrad dispelled a rumor that Joiner "corrupted the purity of evidence in the evidence room," after obtaining video through a public information request, stating that "it does not appear that [Joiner] made entry." In the end, because the allegations here are less serious and Conrad acted to confirm or dispel his suspicions, we do not find *Campbell* instructive.

*Bentley* is similarly distinguishable. In *Bentley*, the defendant accused the plaintiff, a local judge, of corruption. *Bentley*, 94 S.W.3d at 602. While the defendant

did some investigating, such as obtaining court records and conducting legal research, he contacted none of the people "who could have shown [him] that his charges were wrong." *Id.* at 601. Thus, the defendant "deliberately ignored" the truth. *See id.* There was also evidence that the defendant "expressed doubt to a friend that there was any basis for the charges he was making." *Id.* at 602. The Texas Supreme Court also considered ill will toward the judge, involving the defendant relentlessly hounding the judge for months, as a suggestion of actual malice. *See id.* Considering that evidence altogether, the Texas Supreme Court concluded that the defendant had acted with actual malice. *Id.*

Similarly, there are allegations that Conrad relentlessly hounded Joiner as evidence of some ill will. But ill will toward Joiner is not proof of actual malice. *See id.* at 602 (ill will "does not equate to, and must not be confused with, actual malice"); *Huckabee*, 19 S.W.3d at 420, 424–25 (written statements suggesting defamation defendant's ill will toward plaintiff did not suggest defendant had doubts about truth); *see also Freedom Newspapers of Tex. v. Cantu*, 168 S.W.3d 847, 858 (Tex. 2005) ("actual malice concerns the defendant's attitude toward the truth, not toward the plaintiff."). Conrad is alleged to have made many public information requests and has posted video evidence dispelling a rumor that Joiner engaged in improper actions. Unlike in *Bentley*, there is no evidence of people Conrad could have contacted to learn the truth but deliberately ignored. Nor is there evidence that

Conrad doubted his allegations. Because of these differences, we do not find *Bentley* instructive here.

Having considered the evidence presented to show a prima facie case of actual malice, we conclude that Joiner's conclusory denials failed to present clear and specific evidence that Conrad either knew the statements to be false or acted with reckless disregard of the truth of the statements when he made the communications. *See John Moore Servs., Inc.*, 441 S.W.3d at 355 (conclusory statements will not establish a prima facie case); *Moore*, 2022 WL 1180116, at *4 (bare allegations by plaintiff that defendant knew alleged defamatory statements were false are conclusory and do not show actual malice); *see also Forbes*, 124 S.W.3d at 173; *Rodriguez*, 566 S.W.3d at 854. Therefore, the trial court erred in denying Conrad's motion to dismiss Joiner's defamation claim under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE §27.005(c).

## Conclusion

We hold that Conrad satisfied his burden under the TCPA to show that Joiner's claims are based on or in response to his exercise of free speech. *See* TEX. CIV. PRAC. & REM. CODE §27.009(a). But Joiner has not satisfied his burden to present clear and specific evidence of a prima facie case for defamation. *See id.* We therefore reverse the trial court's order denying Conrad's TCPA motion to dismiss

Joiner's defamation per se claim, and we remand the case to the trial court for further proceedings as required by statute. *See* TEX. CIV. PRAC. & REM. CODE § 27.009(a).


                                        Sarah Beth Landau
                                        Justice

Panel consists of Justices Landau, Countiss, and Guerra.